# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Jerome Pointer, aka Infinite Master Magnetic, | Case No.:  2:19-cv-02061-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| State of Nevada, et al., | |
| Defendants | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Jesse Jerome Pointer, an inmate who was initially in the custody of the Rawson-Neal Psychiatric Hospital.  On November 25, 2020, I dismissed the complaint with leave to amend and directed Pointer to file an amended complaint by December 31, 2020. ECF No. 11.  The deadline has now expired, and Pointer has not filed an amended complaint or otherwise responded to my order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming

---

[1] Pointer did file a notice of declaration of sound mind and body (ECF No. 14) which was not responsive to my previous order.

dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order expressly stated "that if Pointer fails to file an amended complaint curing the deficiencies outlined in this order by December 31, 2020, I will dismiss the case without prejudice." ECF No. 11 at 8. Thus, Pointer had adequate warning that dismissal would

1  result from his noncompliance with my order to file an amended complaint by December 31,

2  2020.

3          I therefore order that this action is dismissed without prejudice based on Pointer's failure

4  to file an amended complaint in compliance with my order.

5          I further order the Clerk of Court to close this case and enter judgment accordingly.

6      Dated: January 13, 2021

7                                                   _____

8                                                   U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23